# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>         Plaintiff,<br><br>     v.<br><br>J. M. VELASCO, et al.,<br><br>         Defendants.<br>_____/ | CASE NO. 1:07-cv-01213-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED ON RETALIATION CLAIM, AND IIED AND EQUITABLE RELIEF CLAIMS BE DISMISSED<br><br>(Doc. 25)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.     Procedural History**

Plaintiff Kevin E. Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 21, 2007. Plaintiff filed a first amended complaint as a matter of right on March 27, 2009, and on May 15, 2009, the Court found that Plaintiff's amended complaint stated a cognizable claim for relief against Defendant Velasco but stated no claims against the other three defendants. The Court dismissed the amended complaint, with leave to amend, and notified Plaintiff that he had the option of proceeding on the cognizable claim in the amended complaint. After initially opting not to amend and to proceed on his cognizable claim, Plaintiff filed a second amended complaint on June 10, 2009.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

### III. Plaintiff's Claims

Plaintiff, who is housed at California State Prison-Corcoran, brings this action against Correctional Officer J. M. Velasco and Correctional Sergeant L. Phillips. Plaintiff alleges that Defendants retaliated against him in violation of the First Amendment of the United States Constitution, and committed the tort of intentional infliction of emotional distress under California law. Plaintiff seeks damages, declaratory relief, and injunctive relief.

#### A. Retaliation Claim

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that on June 18, 2004, in retaliation against him for making verbal and written complaints against prison staff and for filing lawsuits against prison staff, Defendant Velasco entered Plaintiff's cell while he was on the exercise yard; broke the volume and main menu buttons on his television; took his unaltered cable; and removed the manilla envelopes containing his legal material from his locker, confiscated the declarations, and mixed the rest of the material up, leaving it strewn on his bunk.

After his verbal requests to speak with the unit sergeant failed, Plaintiff withheld his dinner tray that evening in order to cause a sergeant to come to his cell. When Defendant Phillips arrived, Plaintiff complained about Defendant Velasco's action and demanded that his declarations and unaltered cable be returned. Defendant Phillips refused and placed Plaintiff on paper tray status for thirty days as punishment for withholding his dinner tray. The next day, Defendant Velasco prepared Plaintiff's paper dinner tray and gave Plaintiff small portions of each food item. Plaintiff alleges that Defendant Phillips placed him on paper tray status and Defendant Velasco gave him reduced food portions to retaliate against him for his complaints and lawsuits against prison staff.

These allegations are sufficient to support a claim for damages against Defendants Velasco and Phillips for retaliation.

**B.    IIED Claim**

Plaintiff also alleges a claim for intentional infliction of emotional distress (IIED) against Defendants Velasco and Phillips for failing to protect him from one another, and for retaliating against him as set forth in subsection A.

"Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003) (citing to Christensen v. Superior Court, 54 Cal.3d 868, 903

(1991)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo, 322 F.3d at 622 (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)).

Plaintiff's allegations do not support a claim for IIED. Plaintiff was not present during the search of his cell by Defendant Velasco and he is therefore precluded from claiming IIED arising from that incident. Simo at 622 (citing Sabow v. United States, 93 F.3d 1445, 1454-55 (9th Cir. 1996)). Further, searching Plaintiff's cell, damaging and/or confiscating personal property, and leaving things astray; placing Plaintiff on paper tray status for thirty days; and giving Plaintiff reduced food portions on one occasion are simply not instances of conduct which rose to the level of extreme and outrageous. Id. Plaintiff's IIED claim fails as a matter of law and the Court recommends it be dismissed, with prejudice.

### C.     Claims for Equitable Relief

Finally, in addition to damages, Plaintiff seeks a declaration and an injunction prohibiting Defendants and all other prison officials from retaliating against inmates for complaining.

"'A case or controversy exists justifying declaratory relief only when the challenged government activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the petitioning parties.'" Feldman v. Bomar, 518 F.3d 637, 642 (9th Cir. 2008) (quoting Headwaters, Inc. v. Bureau of Land Management, Medford Dist., 893 F.2d 1012, 1015 (9th Cir. 1989) (internal quotations and citation omitted)). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." U.S. v. State of Wash., 759 F.2d 1353, 1357 (9th Cir. 1985) (citations omitted). The governmental conduct at issue in this action occurred in 2004, and Plaintiff's remedy is damages should he prevail on his claim that his constitutional rights were violated. The Court recommends dismissal of the declaratory relief claim.

In addition to declaratory relief, Plaintiff seeks an injunction prohibiting retaliation against him and other inmates for making complaints. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by

1  alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct.
2  1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir.
3  2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must
4  show that he has sustained or is immediately in danger of sustaining some direct injury as the result
5  of the challenged official conduct and the injury or threat of injury must be both real and immediate,
6  not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is
7  whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at
8  105, 1667).

9        In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
10 which provides in relevant part, "Prospective relief in any civil action with respect to prison
11 conditions shall extend no further than necessary to correct the violation of the Federal right of a
12 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
13 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
14 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
15 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

16       This action is proceeding on a claim arising from events which occurred in 2004. The past
17 actions of Defendants form the case or controversy in this action. The Court has no jurisdiction to
18 issue an order aimed at remedying future, unrelated actions which *might* result from the pursuit of
19 complaints against prison staff. The Court recommends dismissal of this claim for relief.

20 **IV.    Conclusion and Recommendation**

21       Plaintiff's second amended complaint states a cognizable damages claim against Defendants
22 Velasco and Phillips for retaliation in violation of the First Amendment. However, Plaintiff fails to
23 state a cognizable IIED claim or a cognizable claim for equitable relief. Because Plaintiff was
24 previously given the opportunity to amend and because the deficiencies identified are not capable
25 of being cured through amendment, the Court recommends that Plaintiff's non-cognizable claims
26 be dismissed from this action. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.
27 Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

28 ///

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed June 10, 2009, against Defendants Velasco and Phillips for retaliation; and

2. Plaintiff's IIED claim and claim for equitable relief be dismissed for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 13, 2010**                    /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE