# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. M. VELASCO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-01213-AWI-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING IIED AND EQUITABLE RELIEF CLAIMS, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR SERVICE OF PROCESS<br><br>(Docs. 25 and 30)<br><br>ORDER DENYING MOTIONS AS MOOT<br><br>(Docs. 33, 34, and 35) |

       Plaintiff Kevin E. Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 21, 2007. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

       On July 13, 2010, the Magistrate Judge screened Plaintiff's Second Amended Complaint and issued a Findings and Recommendations recommending that this action proceed on Plaintiff's retaliation claim, and that Plaintiff's intentional infliction of emotional distress (IIED) and equitable relief claims be dismissed for failure to state a claim. On July 27, 2010, Plaintiff filed an Objection.

       Plaintiff objects to the dismissal of his injunctive relief claim because Defendant Velasco continues to subject him to retaliation and he is likely to suffer future injury. In a separately filed motion, Plaintiff seeks dismissal of the equitable relief claim without prejudice.

///

The jurisdiction of the federal court is limited to actual cases or controversies. <u>Summers v. Earth Island Institute</u>, 129 S.Ct. 1142, 1148 (2009); <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 101, 103 S.Ct. 1660 (1983). This requires a plaintiff seeking injunctive relief to "show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." <u>Summers</u>, 129 S.Ct. at 1149 (internal quotations and citation omitted).

The possibility of future injury is insufficient to support a claim for injunctive relief. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S.Ct. 365, 375-76 (2008) (citation omitted); <u>Lyons</u>, 461 U.S. at 111 (citation omitted). Further, Plaintiff's claim is precluded by 18 U.S.C. § 3626(a)(1)(A), which limits relief to only that which is necessary to correct the constitutional violation. Given that the alleged violation occurred in 2004, section 3626(a)(1)(A) precludes prospective relief. Plaintiff has an adequate remedy at law for damages, and his claim for equitable relief shall be dismissed. <u>Lyons</u>, 461 U.S. at 113.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed July 13, 2010, is adopted in full;
2. This action for damages shall proceed on Plaintiff's second amended complaint, filed June 10, 2009, against Defendants Velasco and Phillips for retaliation in violation of the First Amendment;
3. Plaintiff's IIED claim and claim for equitable relief are dismissed, with prejudice, for failure to state a claim;
4. This matter is referred back to the Magistrate Judge to initiate service of process; and

///
///
///

5. Plaintiff's motions for service of the second amended complaint, filed July 27, 2010, and August 16, 2010, and for dismissal of his non-cognizable claims, filed July 27, 2010, are denied as moot in light of this order.

IT IS SO ORDERED.

Dated:   August 24, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE