1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KEVIN E. FIELDS,                        Case No. 1:07-cv-01213 AWI JLT (PC)

12              Plaintiff,                    ORDER GRANTING DEFENDANTS'
                                              MOTION TO COMPEL AND DENYING
13        vs.                                 DEFENDANTS' REQUEST FOR COSTS
                                              AND FEES
14   J M VELASCO, et al.,
                                              (Doc. 48)
15              Defendants.

16   _____/

17        Plaintiff is proceeding pro se and in forma pauperis with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that Defendants Phillips and Velasco retaliated against him in violation

19   of the First Amendment.  Pending before the Court is Defendants' April 12, 2011 motion to compel

20   discovery responses and Defendants' request for $1,102.50 in costs and fees associated with the filing

21   of the motion.

22   **I.       BACKGROUND**

23        On April 12, 2011, Defendants moved pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)

24   for an order compelling Plaintiff to provide further responses to the interrogatories they propounded.

25   (Doc. 48.)  Defendants also requested expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) for

26   the costs and fees associated with the filing of the motion.  (Id.)

27        Plaintiff failed to file an opposition or statement of no-opposition to the motion in accordance

28   with Local Rule 230(l).  Thus, on May 13, 2011, the Court ordered Plaintiff to file such a document.

1  (Doc. 50.)  In response, Plaintiff filed a declaration asserting that he did not receive Defendants' motion

2  to compel.  (Doc. 51.)  Based on Plaintiff's representations, the Court ordered Defendants to re-serve

3  their motion.  (Doc. 52.)

4       On June 28, 2011, Plaintiff filed an "opposition" to the pending motion to compel.  (Doc. 58.)

5  Though styled as an opposition, Plaintiff's document contained supplemental responses to Defendants'

6  discovery requests.  Nevertheless, on July 1, 2011, Defendants filed a reply wherein they maintain that

7  Plaintiff's responses to three interrogatories remain inadequate.  (Doc. 59.)  Thus, Defendants withdrew

8  their motion as to certain interrogatories, but renewed their motion as to the three interrogatories that

9  remain in dispute.  (Id.)

10  **II.    DISCUSSION**

11      **A.    Motion to Compel**

12      Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's

13  claim or defense.  Fed. R. Civ. P. 26(b)(1).  Relevant information for the purposes of discovery is any

14  information that is "reasonably calculated to lead to the discovery of admissible evidence."  Brown Bag

15  Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992).

16      A party may propound interrogatories relating to any matter that may be inquired into under

17  Federal Rule of Civil Procedure 26(b).  Fed. R. Civ. P. 33(a).  In turn, the responding party is obligated

18  to respond to the interrogatories to the fullest extent possible, see Fed. R. Civ. P. 33(b)(3), and any

19  objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(4).  The responding party shall use

20  common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be

21  viewed favorably by the court.  Haney v. Saldana, No. 1:04-cv-5935-AWI-SMS PC, 2010 U.S. Dist.

22  LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010).  If the party requesting discovery is dissatisfied with any

23  of the responses, the party may move to compel further responses pursuant to Federal Rule of Civil

24  Procedure 37(a)(3)(B)(iii).

25      In this case, Defendants remain dissatisfied with the responses provided by Plaintiff in regard

26  to the following three interrogatories:

27  Phillip's Interrogatories, Set One, Question No. 6:
    If your response to Request for Admission No. 6, served concurrently with these
28  interrogatories, is anything other than an unqualified admission, please state all facts,

2

1   including the names, addresses and telephone numbers of witnesses, that you claim
2   support your contention that PHILLIPS "created a custom, policy and practice. [sic]
    which allows [prison staff] to retaliate against inmates, [sic] whom file grievances,
    appeals, writs and/or lawsuits against prison officials." (Second Amended Complaint,
3   ¶18.)

4   (Doc. 48-2 at 15-16.)

5       <u>Velasco's Interrogatories, Set One, Question No. 5</u>:
        If your response to Request for Admission No. 5, served concurrently with these
6       interrogatories, is anything other than an unqualified admission, please state all facts,
        including the names, addresses and telephone numbers of witnesses, that you claim
7       support your contention that VELASCO served you diminished food portions.

8   (Doc. 48-3 at 12.)

9       <u>Velasco's Interrogatories, Set One, Question No. 6</u>:
        If your response to Request for Admission No. 6, served concurrently with these
10      interrogatories, is anything other than an unqualified admission, please state all facts,
        including the names, addresses and telephone numbers of witnesses, that you claim
11      support your contention that VELASCO "created a custom, policy and practice. [sic]
        which allows [prison staff] to retaliate against inmates, [sic] whom file grievances,
12      appeals, writs and/or lawsuits against prison officials." (Second Amended Complaint,
        ¶18.)

13

14  (<u>Id.</u> at 12-13.)

15      Plaintiff responded to all three interrogatories without stating the facts upon which his claims

16  rely.  First, in response to Phillip's Interrogatory No. 6, Plaintiff stated that the question was unduly

17  burdensome because "it calls for documents already in Defendants' possession." (Doc. 48-2 at 16; <u>see</u>

18  <u>also</u> Doc. 58 at 8.)  Second, in response to Velasco's Interrogatory No. 5, Plaintiff does not include any

19  facts supporting his claim that Defendant Velasco served Plaintiff diminished food portions.  (<u>See</u> Doc.

20  48-3 at 12; Doc. 58 at 13.)  Third, in response to Velasco's Interrogatory No. 6, Plaintiff simply refers

21  Defendants to exhibits produced by Plaintiff in connection with Defendants' request for documents.

22  (Doc. 48-3 at 13; Doc. 58 at 14.)

23      The Court finds Plaintiff's responses to be incomplete.  Moreover, the Court finds Plaintiff's

24  reasons for refusing to provide more complete responses lacking in merit.  Contrary to Plaintiff's belief,

25  Defendant Phillip's Interrogatory No. 6 is not duplicative or unduly burdensome because it does not

26  request documents already produced but rather requests a written statement of facts.  With respect to

27  Plaintiff's response to Defendant Velasco's Interrogatory No. 6, Plaintiff may not simply respond by

28  referring Defendants to pleadings or other documents when the reference does not clearly address the

3

1   matter at hand.  See Anderson v. Fresno County, No. 1:05-cv-1325 LJO NEW (TAG), 2007 U.S. Dist.

2   LEXIS 49879, at *8 (E.D. Cal. June 28, 2007) ("An answer to an interrogatory must respond to the

3   question being asked.  The answer "should be complete in itself and should not refer to pleadings, or to

4   depositions or other documents, or to other interrogatories, at least where such references make it

5   impossible to determine whether an adequate answer had been given[.]") (quoting Scoff v. Benne, 191

6   F.R.D. 590, 594 (N.D. Ind. 2000)).

7        Accordingly, the Court will grant Defendants' motion to compel.  Plaintiff shall provide further

8   responses to: (1) Defendant Phillip's Interrogatories, Set One, Question 6; (2) Defendant Velasco's

9   Interrogatories, Set One, Question 5; and (3) Defendant Velasco's Interrogatories, Set One, Question 6.

10  Specifically, Plaintiff shall set forth the factual basis for his claims that (1) Defendant Phillips created

11  a custom, policy, or practice that allows prison officials to retaliate against inmates who file grievances;

12  (2) Defendant Velasco served Plaintiff diminished food portions; and (3) Defendant Velasco created a

13  custom, policy, or practice that allows prison officials to retaliate against inmates who file grievances.

14       **B.**      **Request for Costs and Attorney's Fees**

15       Defendants seek $1,102.50 in costs and attorney's fees associated with the filing of the instant

16  motion to compel.  Pursuant to Rule 37(a)(5)(A), if a party prevails on its motion to compel, it may move

17  to recover reasonable expenses, including attorney's fees, incurred in making the motion. Fed. R. Civ.

18  P. 37(a)(5)(A).  However, a court must not order payment of such expenses if circumstances make an

19  award unjust.  See Fed. R. Civ. P. 37(a)(5)(A)(iii)

20       Under the circumstances of this case, the Court finds that an award of costs and fees would be

21  unjust.  It appears that Plaintiff, who is proceeding pro se, made an attempt to comply with the discovery

22  requests propounded by Defendants.  The Court therefore declines to grant such an award at this time.

23  Id.

24  **III.**   **CONCLUSION**

25       Accordingly, it is **HEREBY ORDERED** that:

26       1.      Defendants' April 12, 2011 motion to compel (Doc. 48) is **GRANTED**;

27       2.      Within **thirty (30) days** of the date of this order, Plaintiff shall file and serve further

28              responses to Defendants' interrogatories in accordance with this order; and

3.      Defendants' request for costs and fees incurred in connection with the filing of their

motion to compel is **DENIED**.

IT IS SO ORDERED.

Dated:   __August 12, 2011__                                    _____/s/ Jennifer L. Thurston_____
                                                              UNITED STATES MAGISTRATE JUDGE